**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| A.M.L., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 4:25-cv-9-CDL-AGH |
| | : | Social Security Appeal |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| | : | |
| Defendant. | : | |

## REPORT & RECOMMENDATION

Pending before the Court's is Plaintiff's Motion for Attorney's Fees (ECF No. 20). On March 12, 2026, the Court reversed the Commissioner's decision in this matter pursuant to Sentence Four of 42 U.S.C. § 405(g) and remanded it to the administrative level for further proceedings. R. & R. 16, Feb. 13, 2026, ECF No. 17; Order, Mar. 12, 2026, ECF No. 18. Plaintiff now seeks attorney's fees pursuant to 28 U.S.C. § 2412(d), a provision of the Equal Access to Justice Act (EAJA), in the amount of $5,797.13, plus costs in the amount of $405.00. Mot. for Atty's Fees 1, ECF No. 20.

The EAJA provides:

> a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). A determination of reasonable fees under the EAJA is dependent on the facts of each case. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). A judgment of costs may include the filing fee, and said costs may be awarded to the prevailing party herein. 28 U.S.C. § 2412(a). A court may also award reasonable expenses incurred by attorneys in addition to costs awarded under § 2412(a). *Id.* § 2412(b).

Here, the Commissioner did not respond to Plaintiff's motion; thus, the Court considers Plaintiff's motion undisputed. Having considered the facts of this case, the Court finds that the requested attorney's fees are reasonable. Accordingly, Plaintiff's Motion for Attorney's Fees (ECF No. 20) should be **GRANTED**, and Plaintiff should receive attorney's fees in the amount of $5,797.13, plus costs in the amount of $405.00. Payment shall be made payable to Plaintiff as the prevailing party, unless Plaintiff owes a federal debt. *See Astrue v. Ratliff*, 560 U.S. 586, 589 (2010) ("We hold that a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States."). Whether Plaintiff owes such a debt is not for this Court to determine, and it is within the Government's discretion to accept Plaintiff's assignment of EAJA fees and pay the fees directly to Plaintiff's counsel.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. Any objection should be no longer than TWENTY (20) PAGES in length. See M.D. Ga. L.R. 7.4. The

district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

Plaintiff is hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 16th day of September, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE